FILED
2017 Jun-07  AM 11:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TRACEY PHIILPS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **CHARLOTTE RUSSE, INC.,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

## I. JURISDICTION

1.　　This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964", as amended, the Americans with Disabilities Act ("ADA"), and the Americans with Disabilities Act Amendments Act ("ADAAA"). The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by Title VII and ADA/ADAAA providing injunctive and other relief against gender discrimination, discrimination based on disability, and retaliation in employment.

## II. PARTIES

2.　　Plaintiff, Tracey Phillips, hereafter "PLAINTIFF" is a female citizen

of the United States and is a resident of Birmingham, Alabama.

3.      Defendant, Charlotte Russe, Inc., hereafter "DEFENDANT", is a corporation doing business in the state of Alabama. At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and have fifteen (15) or more employees and are employers within the meaning of 42 U.S.C. § 2000e(b)(g) and (h).

### III. ADMINISTRATIVE PROCEDURES

4.      Plaintiff hereby adopts and realleges paragraphs one (1) through three (3) herein above as if fully set forth herein.

5.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation that occurred at the Defendant's stores.

6.      This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against the Plaintiff and others similarly situated on account of gender, disability, and retaliation.

7.      On September 6, 2016, within 180 days of the last discriminatory act

of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8.      Plaintiff's Notice of Right to Sue was mailed by the EEOC to the Plaintiff on March 10, 2017, and Plaintiff has filed suit within ninety (90) days of receipt of her Notice of Right to Sue.

9.      All administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  FACTS

10.     Plaintiff hereby adopts and realleges paragraphs one (1) through nine (9) above as if fully set forth herein.

11.     In or around July 14, 2015, Plaintiff began working for the Defendant as an Area Loss Prevention Manager.

12.     Plaintiff's job was to manage and investigate Defendant stores loss of merchandise all over the southeast.

13.     In or around April 30, 2016, Plaintiff had her first seizure.

14.     Plaintiff subsequently went to the hospital and to a neurologist.

15.     In or around May 4, 2016, Plaintiff went back to work and reported her seizure to my direct supervisor, Mr. Terry Viands.

16.     Plaintiff continued to function and operate efficiently at her job.

17.     In around May 28, 2016, Plaintiff had a second seizure.

18.    Plaintiff subsequently went back to her neurologist.

19.    Plaintiff reported her second seizure to Mr. Viands.

20.    However, Plaintiff continued to function and operate efficiently at her job.

21.    In or around the beginning of June 2016, after Plaintiff reported her second seizure, Plaintiff began being treated differently by Mr. Viands and her superiors.

22.    Plaintiff told Mr. Viands she was having trouble remembering details in a normal day and she even went to the wrong airport to catch a flight.

23.    Shortly thereafter, in or around the beginning of June 2016, Plaintiff reported to Ms. Kathy Martin, in Human Resources, that Mr. Viands was treating her differently and that she felt unsupported by her superiors ever since she started having seizures.

24.    Plaintiff never heard from back from Ms. Martin about her complaint.

25.    In or around June 21, 2016, Ms. Marlene Kusumato, the Director of Loss Prevention, ecstatically called Plaintiff to tell her that from January 2016 to June of 2016 Plaintiff saved the company over $250,000.00 in shrink results.

26.    In or around June 24, 2016, Mr. Viands told Plaintiff that:

      a.   he knew that she wanted his job;

      b.   she was "butchy", "bossy" and that he was very "intimidated"

by her and other women in their field; and

    c.   when he goes to meetings he sees less and less of "54-year old white males" and more and more of women.

27.   In or around July 14, 2016, Mr. Viands had a meeting with Plaintiff about her reimbursement receipts. Plaintiff again explained to Mr. Viands that her mind has been fuzzy since the seizures began and that she would correct her mistakes.

28.   In the same meeting, Mr. Viands began harassing Plaintiff again that she wanted his job and how she "intimidated" him.

29.   In or around July 19, 2016, Plaintiff reported both of the June 24, 2016 and July 14, 2016 gender discriminating conversations with Mr. Viands to Ms. Kusumato.

30.   In or around August 1, 2016, Mr. Viands asked Plaintiff to meet him at the Birmingham, AL store and terminated her employment.

## V.  STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII GENDER DISCRIMINATION CLAIMS

31.   Plaintiff adopts and realleges the allegations of paragraphs one (1) through thirty (30) as if fully set forth herein.

32.   Plaintiff is a female.

33.     Plaintiff was a good employee and was qualified to hold the Area Loss Prevention Manager position with Defendant.

34.     Defendant's subjected Plaintiff to adverse treatment and gender discrimination with respect to the terms and conditions of her employment.

35.     Plaintiff's gender was a substantial or motivating factor in Defendant's unlawful and adverse treatment of Plaintiff.

36.     Defendant acted with malicious intent and/or reckless disregard for Plaintiff's federally protected rights.

37.     Defendant, upon information and belief, has a habit and/or practice of discriminating against female employees.

38.     Defendant's illegal discriminatory and adverse actions injured Plaintiff.

39.     Plaintiff was subjected to discriminatory terms and conditions of employment because of her gender, female.

40.     Defendant condoned and tolerated gender discrimination, and Defendant's actions were in violation of Title VII of the "Civil Rights Act of 1964," as amended.

41.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney fees, expenses, costs, injunctive relief, and

declaratory judgment is his only means of securing adequate relief.

42.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

43.    The Plaintiff has satisfied all administrative prerequisites pursuant to Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," and;

b.    Grant Plaintiff a permanent injunction enjoining Defendant, its Agents Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the "Civil Rights of 1964," as amended by the "Civil Rights Act of 1991," and;

c.    Grant Plaintiff an Order requiring Defendant's to make her whole by granting appropriate declaratory relief, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs,

and;

Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### PLAINTIFF'S CLAIMS OF RETALAITION PURSUANT TO TITLE VII

44.     Plaintiff adopts and realleges paragraphs one (1) through forty-three (43) as if fully set forth herein.

45.     Plaintiff avers that she has been denied pay, disciplined, harassed, subjected to different terms and conditions of employment, subjected to other adverse employment action for engaging in a protected activity, and terminated. There is a causal link between Plaintiff engaging in a protected activity and the adverse actions that she suffered.

46.     Plaintiff has been retaliated against in violation of Title VII of the "Civil Rights Act of 1964," as amended, and in violation of the "Civil Rights Act of 1866," as amended. The Defendants have a habit and/or practice of retaliating against employees that engage in protected activity.

47.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief.  Plaintiff is now suffering

and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.  Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended;

b.  Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended;

c.  Grant Plaintiff an Order requiring the Defendants to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney fees, expenses, costs; and

d.  Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

## PLAINTIFF'S CLAIMS OF DISCRIMINATIUON PURSUANT TO THE ADA AND ADAAA

48.    Plaintiff adopts and re-alleges paragraphs one (1) through forty-seven (47) above as if fully set forth herein.

49.    Plaintiff has been discriminated against, harassed and denied working hours in violation of the ADA and ADAAA, because of her disability and/or perceived disability by Defendant.

50.    Plaintiff has been discriminated against in conditions of employment, in violation of the ADA and ADAAA. Plaintiff has been discriminated against on the basis of her disability, and/or on the basis of Defendant's perception that Plaintiff had a disability and/or due to Defendant having a record of Plaintiff's disability.

51.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is her only means of securing adequate relief. Plaintiff is now suffering and will continue suffer irreparable injury from Defendant's unlawful polices and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by ADA and ADAAA;

b.      Grant Plaintiff a permanent injunction enjoining Defendant, its Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at the Defendant's request from violating ADA and ADAAA;

c.      Grant Plaintiff an Order requiring the Defendant to make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interests, attorney fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF HEREBY REQUESTS TRIAL BY STRUCK JURY**

/s/ Nicole Davis Edwards
NICOLE DAVIS EDWARDS
State Bar ID No: ASB-4832-B19D
*Attorney for Plaintiff*

**OF COUNSEL:**
EDWARDS & EDWARDS
ATTORNEYS AND MEDIATORS, PLLC
1530 3rd Avenue North
Bessemer, Alabama 35020
Tel: (205) 549-1379
E-mail: nicole.eeam@icloud.com

**PLAINTIFF'S ADDRESS**:

Ms. Tracey Phillips
c/o EDWARDS & EDWARDS ATTORNEYS AND MEDIATORS, PLLC
1530 3rd Avenue North
Bessemer, Alabama 35020

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Charlotte Russe, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104